| | |
|---|---|
| Martin R. Boles (State Bar No. 124159)<br>mboles@kirkland.com<br>KIRKLAND & ELLIS LLP<br>777 South Figueroa Street<br>Los Angeles, California  90017<br>Telephone: (213) 680-8400; Facsimile: (213) 680-8500 | **MADE JS-6** |

Robert R. Gasaway (Pro Hac Vice)
rgasaway@kirkland.com
Ashley C. Parrish (Pro Hac Vice)
aparrish@kirkland.com
KIRKLAND & ELLIS LLP
655 Fifteenth Street, N.W., Suite 1200
Washington, D.C.  20005
Telephone: (202) 879-5016; Facsimile: (202) 879-5200

Attorneys for Defendants
AMERICAN HOME SHIELD CORPORATION,
AMERICAN HOME SHIELD OF CALIFORNIA, INC.

Gary S. Soter (Bar No. 67622)
gsoter@psswplaw.com
PEARSON, SIMON, SOTER, WARSHAW & PENNY, LLP
15165 Ventura Boulevard, Suite 400
Sherman Oaks, California  91403
Telephone: (818) 788-8300; Facsimile: (818) 788-8104

Steven N. Berk
steven@chavezgertler.com
CHAVEZ & GERTLER LLP
1225 Fifteenth Street, N.W.
Washington, D.C.  20005
Telephone: (202) 232-7550; Facsimile: (202) 232-7556

Attorneys for Plaintiff
KATHIE AAMODT WARD, on behalf of herself

*Additional Counsel Listed on Signature Page*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| KATHIE AAMODT WARD, on behalf of herself and all others similarly situated,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>AMERICAN HOME SHIELD CORPORATION; AMERICAN HOME SHIELD OF CALIFORNIA, INC.,<br><br>　　　　Defendants. | CASE NO. CV-07-01380 GW (PJWx)<br><br>The Hon. George H. Wu<br>The Hon. Patrick J. Walsh<br><br><br>**FINAL ORDER AND JUDGMENT** |

Before the Court is the Parties' Joint Motion for Final Approval of the terms of the Agreement of Class Action Settlement ("Agreement" or "Settlement Agreement") between Plaintiff Kathie Aamodt Ward ("Plaintiff") and Defendants American Home Shield Corporation and American Home Shield of California, Inc. ("Defendants").

Plaintiff and Defendants executed the Settlement Agreement on September 2, 2008. On September 16, 2008, this Court entered an Order (i) conditionally certifying a Settlement Class consisting of all persons who purchased a 13 SEER home warranty upgrade from Defendants; (ii) preliminarily approving the proposed Settlement as fair, reasonable, and adequate; (iii) directing the parties to notify Class Members of the contemplated settlement; and (iv) scheduling a Fairness Hearing to determine whether the Settlement should be finally approved. On October 30, 2008, counsel for Defendants notified the Court that they had provided the required notice. The Fairness Hearing was held on January 12, 2009.

The Court, having heard all persons properly appearing and timely requesting to be heard, having considered the Agreement and the papers submitted in support thereof, and having considered the oral presentations of counsel and all applicable law, concludes that the Settlement Agreement is fair, reasonable, and adequate, and should be finally approved.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Court has subject matter jurisdiction to approve a settlement in this Action.

2. The Court has personal jurisdiction over all Parties to this Action and all members of the Settlement Class.

3. The proposed Settlement, as set forth by the Parties in their Agreement, is in good faith and is approved as fair, reasonable, adequate, and in the best interests of the Parties and the Class. The Parties shall perform the Settlement in accordance with the terms of the Agreement.

4. The Notice of Class Action and Settlement ("Class Notice") fully, fairly,

1 and accurately informed all Class Members of the material elements of this Action
2 and the proposed Settlement, and constituted: (i) the best practicable notice; and
3 (ii) notice that was reasonably calculated, under the circumstances, to apprise
4 members of the Settlement Class of the pendency of this Action, their right to object
5 or exclude themselves from the proposed Settlement, and their right to appear at the
6 Fairness Hearing.

7     5. The Court finds that the notice given by Defendants satisfies the
8 requirements of 28 U.S.C. § 1715(b), and that no objection was received from any
9 state or federal official.

10     6. After proper notice to the Class, and after sufficient opportunity to object
11 to the proposed Settlement, no timely and valid objections were made that would
12 present any obstacle to approving the Settlement.  The comments and statements
13 submitted by Class Members have been duly considered by the Court, but none of
14 these comments and statements alters the Court's judgment that the Settlement should
15 be approved.

16     7. All Class Members who failed to file a timely and valid objection to the
17 Settlement Agreement are deemed to have waived and forfeited any such objections
18 and are bound by all terms of the Agreement, including the Release and this Final
19 Order and Judgment.

20     8. After proper notice to the Class, and after sufficient opportunity to
21 request exclusion from the Class, 1070 requests for exclusion from the Settlement
22 Agreement were made.

23     9. All Class Members who failed to timely request exclusion from the
24 Settlement are bound by all terms of the Agreement, including the Release and this
25 Final Order and Judgment.

26     10. By approval of the Settlement Agreement and entry of this Final
27 Judgment and Order, Plaintiff and Class Members will have:
28         fully, unconditionally, and completely released, waived,

relinquished, and forever discharged all of the Defendants, as defined above, including but not limited to American Home Shield Corporation and American Home Shield of California, Inc., and any other entity in which any of these firms has a direct or indirect interest or which is or may be responsible for it or for which it is or may bear responsibility, including but not limited to all of their respective parents, affiliates and subsidiaries, and all of the aforementioned firms' and entities' present or former agents, present or former directors, present or former officers, and present or former employees, from any and all claims, demands, debts, rights, causes of action, damages, costs, compensation, liabilities, penalties, attorney fees, or losses in law or equity, of whatever kind or nature, whether known or unknown, suffered or sustained by any person or entity, as to and arising out of (i) any and all claims pled on behalf of the Class in Plaintiff's Third Amended Complaint filed in this Action; and (ii) any and all claims that could have or should have been pled regarding claims that Defendants misrepresented to their customers at any time federal regulations governing the fuel efficiency of newly-manufactured air conditioners in connection with sales of home warranty contracts, or in connection with sales of upgrades to home warranty contracts, including but not limited to any tort claims, contract claims, statutory claims, controversies, actions, causes of action, declaratory judgment actions, cross-claims, counterclaims, demands, debts, claims for damages, claims for liquidated damages, claims for punitive or exemplary damages, claims for injunctions, claims for restitution, rescission, or reimbursement, claims for other equitable relief, claims for costs, expenses, and/or attorney fees, or claims asserting other liabilities of any nature, regardless of whether or not any such Plaintiff and/or Class Member makes a claim for, or ultimately receives, any benefits under this Settlement Agreement.  The provisions of this Release shall bar any personal right, cause of action, claim, or damage that Plaintiff and/or any Class Member may assert arising out of the same or causally related facts,

transactions, occurrences, or subject matters as described in, or encompassed by, the Settlement Claims.

11. The Parties' stipulation regarding an award of attorney fees, costs, and expenses for Class Counsel is approved. Class Counsel are awarded $500,000.00 as attorney fees, costs, and expenses, to be paid by Defendants in the manner outlined in the Agreement.

12. This Action shall be dismissed with prejudice and on the merits. Without affecting the finality of this Final Judgment and Order, the Court reserves exclusive jurisdiction as to all matters related to the administration of the Settlement and the Settlement Agreement.

13. Plaintiff, Class Members, and Defendants are denied all relief not expressly granted by this Judgment.

14. This Final Order and Judgment shall not be construed as a finding of the Court concerning, or evidence of any admission by the Parties concerning: (i) any liability, fault, or wrongdoing by Defendants; (ii) the existence of any defense to Plaintiff's claims or the claims of any Class Member; (iii) the appropriateness of any measure of alleged damages; and (iv) the propriety of class certification, other than certification for purposes of settlement only.

**SO ORDERED** this 12th day of January, 2009.

_____
Hon. George H. Wu